**Jongeul KIM and Kyung Sook Kim Ha, Petitioners,**

v.

**Michael B. MUKASEY, Attorney General, Respondent.**

No. 04–74183.

United States Court of Appeals, Ninth Circuit.

Submitted Dec. 17, 2008.*

Jan. 15, 2009.

Charles E. Nichol, Esq., Law Office of Charles E. Nichol, San Francisco, CA, for Petitioners.

Ronald E. Lefevre, Chief Counsel, Office of the District Counsel Department of Homeland Security, San Francisco, CA, Anthony W. Norwood, Esq., Jennifer Levings, Esq., U.S. Department of Justice Civil Div./Office of Immigration Lit., Washington, DC, for Respondent.

Before: WALLACE, TROTT, and RYMER, Circuit Judges.

MEMORANDUM **

Jonguel Kim and Kyung Sook Kim Ha, husband and wife and natives and citizens of South Korea, petition for review of the Board of Immigration Appeals' ("BIA") order denying their motion to remand and

---

* This panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

** This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36–3.

dismissing their appeal from an immigration judge's ("IJ") decision denying their application for cancellation of removal. We deny the petition in part and dismiss it in part.

■ We lack jurisdiction to review the BIA's discretionary determination that the Kims failed to show exceptional and extremely unusual hardship to a qualifying relative. *See Romero–Torres v. Ashcroft*, 327 F.3d 887, 892 (9th Cir.2003). We also lack jurisdiction to review the BIA's denial of the Kims' motion to remand to introduce further evidence of hardship. *See Fernandez v. Gonzales*, 439 F.3d 592, 600 (9th Cir.2006) (holding that 8 U.S.C. § 1252(a)(2)(B)(i) bars this court from reviewing the denial of a motion to reopen where "the only question presented is whether [the] new evidence altered the prior, underlying discretionary determination that [the petitioner] had not met the hardship standard") (internal quotations and brackets omitted).

■ The BIA did not abuse its discretion in denying the Kims' motion to remand to pursue Mr. Kim's withdrawn asylum application because the Kims did not show their prior counsel was ineffective in withdrawing the application or that they were prejudiced by counsel's performance. *See Movsisian v. Ashcroft*, 395 F.3d 1095, 1098 (9th Cir.2005) (reviewing for abuse of discretion the denial of a motion to remand); *Ortiz v. INS*, 179 F.3d 1148, 1153 (9th Cir.1999) ("Due process challenges to deportation proceedings require a showing of prejudice to succeed" and "[p]rejudice is found when the performance of counsel was so inadequate that it may have affected the outcome of the proceedings").

**PETITION FOR REVIEW DENIED in part; DISMISSED in part.**